PEARSON v. BREWER et al.    (No. 3173.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 4, 1926. Rehearing Denied March 18, 1926.)

Boundaries 44.

Findings of jury as to boundary lines, when supported by evidence, will not be set aside on appeal.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Action by H. L. Pearson against Mrs. D. D. Brewer and others. From a judgment for defendants, plaintiff appeals. Affirmed, reformed, and rendered.

Lennox & Lennox, of Clarksville, for appellant.

A. L. Robbins, of Clarksville, for appellees.

LEVY, J. The action was brought by the appellant in the form of trespass to try title against Mrs. D. D. Brewer and John M. Butcher to recover all the lots and parts of lots of block No. 12 in the town of Clarksville lying north of a certain described line located and established by J. C. Deaver, a county surveyor, in 1906, excepting 75 feet fronting east on Walnut street, and running back west 200 feet to Cedar street. The particular ground excepted and not claimed is situated about the middle of the block.

The defendant Butcher answered by plea of not guilty, and by cross-action impleaded his warrantors. He alleged the purchase from his impleaded warrantors of the south one-half of lots 2, 3, 6, and 7 in block 12.

The defendant Mrs. Brewer answered by a general denial and plea of not guilty, and especially pleaded that she purchased from the plaintiff 75 feet by 200 feet out of block No 12, fronting 75 feet east on Walnut street and 75 feet west on Cedar street; that at the time of the purchase, and as an inducement, the plaintiff pointed out to her a fence and a row of cedar trees in line with the fence, set out by the plaintiff, and represented the same to be the north line of the premises sold, and pointed out some posts then standing on the ground, and represented the same to be the south line of the premises sold; that she relied on the statements and representations made by the plaintiff as to the location on the ground of the north and south lines, and erected improvements thereon. The plaintiff replied to defendant Brewer's answer by general and special denial.

As the case was presented and tried, the only issue was the location of the boundary line between the property in block No. 12 belonging to the plaintiff and the ground purchased from him by Mrs. Brewer. Such issue was submitted to the jury, and they decided it, and, in keeping with the verdict, judgment was entered by the court in favor of defendants.

Block No. 12 of the original town plat of Clarksville is bounded on the north by Madison street; on the east by Walnut street; on the south by Comanche street; on the west by Cedar street. The block is 200 feet square, and is divided into eight lots of 50 feet by 100 feet. Lots 2, 3, 6, and 7 are located on the south half of the block, fronting Comanche street. Lots 1, 4, 5, and 8 are located on the north half of the block, fronting Madison street. In 1905 B. Lin Sivley owned all of the block. By general warranty deed dated May 2, 1905, B. Lin Sivley and his wife conveyed to Vera Sivley one-half of lots 2, 3, 6, and 7. On November 2, 1906, B. Lin Sivley and his wife conveyed to the plaintiff lots 1, 4, 5, and 8, and the north half of lots 2, 3, 6, and 7. On June 12, 1918, the plaintiff conveyed to the defendant Mrs. Brewer a plat of ground out of said block 12, 75 feet by 200 feet. The field notes are by course and distance as follows:

"Beginning at a stake in east line of lot No. 2, fifty feet north of its S. E. corner on Walnut street. Thence in a general direction north with said east line of lot No. 2 a distance of 50 feet to its N. E. corner, and the southeast corner of lot No. 1, and continuing with the east line of lot No. 1 a further distance of twenty-five feet to a stake. Thence in a general direction parallel with the north and south lines of block No. 12, across lots 1, 4, 5, and 8 to a stake on the west line of said block," etc.

At the time of the conveyance of the lots to plaintiff, and of his conveyance to Mrs. Brewer, there was a hotel building on the east side of the block, fronting on Walnut street. A short time after purchasing the property, the plaintiff built a fence from east to west across the block, just north of the hotel building, and also a row of cedar trees were planted there along the fence. The fence was at the same place at the time of the trial. Prior to the conveyance of the premises by the plaintiff to Mrs. Brewer she was the lessee from plaintiff and in possession of the hotel premises. According to the testimony of Mrs. Brewer:

"I rented this property, the hotel, from Dr. Pearson a good long while before I purchased it. I purchased this property. At the time of my purchase Mrs. Pickett owned the property immediately south of me, and Dr. Pearson owned the property north. I don't know how long I was talking about buying the property before I finally bought it. There was a fence on the south side of the hotel, and on the north side there was a fence clear through the block. That fence was right where it is now. It run between a row of cedar trees and the hotel building. * * * When I was negotiating with Dr. Pearson about the purchase of the property, which I afterwards bought from him, he stated to me that the line of the property

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(281 S.W.)

he was selling to me was where the fence was; that the fence was on the line. I improved the hotel. I extended the wall of the hotel on the north side."

The plaintiff denies that he represented the fence to be the line of the property, and asserts that he told her differently. It appears that prior to the suit a survey was made of the property lines by the county surveyor, McClure, assisted by two other surveyors. After the survey, and at the time, the plaintiff marked the northeast corner of block 12 by chiselling an arrowhead in the concrete sidewalk. This does not appear to be an agreed line between the parties, and the jury so expressly found.

The jury answered the following special issues:

"Q. (1) Does a line beginning at the arrowhead in the concrete walk, cut by plaintiff on the east side of block 12, thence running west between the north wall of Mrs. Brewer's hotel and the row of cedar trees, and parallel with the north and south lines of block 12 to the west line of block 12, run 125 feet north of the sound boundary line of block 12 and 75 feet south of the north boundary line of block 12? Answer: Yes.

"Q. (2) Do you find from a preponderance of the evidence that the plaintiff and Mrs. Brewer, just before the filing of the suit, agreed upon what should be a divisional line of their respective properties? Answer: No.

"Q. (3) Did the plaintiff, at the time of the conveyance of the property, state to Mrs. Brewer that the fence extending east and west, between the hotel and his residence, was the north boundary line of the property conveyed to her? Answer: Yes."

These findings of the jury are not without evidence to support them, and we do not feel warranted in setting them aside. Therefore, as these findings settle the controversy, the judgment is affirmed.

### On Motion for Rehearing.

The judgment in this case as entered does not fix the boundary line between the parties. It is believed that it should be reformed so as to do so in correct disposition of the issues. The judgment should establish, and it is so ordered, the beginning corner of Mrs. D. D. Brewer's land at the arrowhead in the concrete walk on the east side of block 12, thence running west between the north wall of Mrs. Brewer's hotel and the row of cedar trees, and parallel with the north and south lines of block 12 to the west boundary line of block 12. Mrs. Brewer is entitled to only 75 feet frontage on Walnut or Depot street, beginning at the arrowhead, and running south, and to 200 feet running back west. It was not disputed that Mrs. Brewer was entitled to 75 feet fronting on Walnut street, and on Cedar street running back 200 feet. She pur-chased 75 by 200 feet, and she did not claim more land by estoppel or by limitation. The appellant was entitled to a judgment, and it is here directed to be entered to all the land except the particular land conveyed to Mrs. Brewer, with her beginning corner fixed as decreed. The judgment here entered is merely in conformity with the jury verdict and the pleadings.

The motion for rehearing is overruled.